IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

DOUGLAS A. CASE, JR.,

        Plaintiff,

                                   Civil Action No.
                                   6:10-CV-1102 (NAM/DEP)

    v.

THE TOWN OF NEW HARTFORD, PETER
COLBURN, MICHAEL INSERRA, and
KAREN CASE,

        Defendants.

_____

APPEARANCES:                          OF COUNSEL:

FOR PLAINTIFF:

KELLOGG LAW OFFICE                    BRIAN J. KELLOGG, ESQ.
901 East Brighton Avenue
Syracuse, NY 13205

FOR DEFENDANTS TOWN OF
NEW HARTFORD and MICHAEL
INSERRA:

GOLBERG, SEGALLA LAW FIRM             MOLLY M. RYAN, ESQ.
5789 Widewaters Pkwy.                 SANDRA J. SABOURIN, ESQ.
Syracuse, NY 13214

FOR DEFENDANT PETER
COLBURN:

MORRIS, DUFFY LAW FIRM                CARL S. SANDEL, ESQ.
2 Rector Street
New York, NY 10006

FOR DEFENDANT KAREN CASE:

LONGERETTA LAW OFFICE          DAVID A. LONGERETTA, ESQ.
298 Genesee Street
Utica, NY 13502

## REPORT AND RECOMMENDATION

Plaintiff Douglas A. Case, Jr. commenced this action in September 2010, asserting claims under both 42 U.S.C. § 1983 and state law arising from his arrest by Town of New Hartford police officers on June 15, 2009. Named as defendants in the action are the Town of New Hartford, the New Hartford Chief of Police, three New Hartford police officers, and Case's ex-wife.

Since its inception this action has been plagued with the need for frequent court intervention, due principally to the inaction of both the plaintiff and his counsel. As a result of the cessation of plaintiff's cooperation with the defendants and refusal to comply with court orders, defendants now jointly request an order dismissing plaintiff's complaint. For the reasons set forth below, I recommend granting defendants' motion which, true to form, the plaintiff has failed to oppose.

I.    BACKGROUND[1]

Plaintiff was arrested by Town of New Hartford police officers on or about June 15, 2009, and charged with aggravated harassment, a Class A misdemeanor.[2]  Plaintiff attributes the charge, in which he is accused of harassing his ex-wife, defendant Karen Case, to her having entered into a relationship with defendant Peter Colburn, a New Hartford police officer, and the fact that at the time the plaintiff and his ex-wife were engaged in a custody dispute involving their children.

Following his arrest plaintiff was taken before a local town court justice, who set bail at what plaintiff characterizes as an excessively high amount, and an order of protection was issued prohibiting him from having contact with his ex-wife and children.  Plaintiff claims that he was subsequently arrested for allegedly violating the order of protection, and during the course of events was humiliated and defamed by the defendants.

II.    PROCEDURAL HISTORY

_____

[1]    The underlying facts of the case, which are not particularly relevant to the pending motion, are drawn from plaintiff's complaint, the allegations of which have been accepted as true for purposes of the pending motion.

[2]    Plaintiff was acquitted of the aggravated harassment charge in November 2009 following a jury trial.

3

Plaintiff's complaint in this action was filed on September 15, 2010, and named the Town of New Hartford; Raymond Philo, the Town of New Hartford Police Chief; Paul Colburn, Peter Colburn, and Michael Inserra, three New Hartford police officers; and his ex-wife, Karen Case, as defendants.[3]  Dkt. No. 1.   The complaint sets forth eight causes of action, including claims both under 42 U.S.C. § 1983 for deprivation of his constitutional rights, and based upon a variety of state common law theories.

During the pendency of the action conflict has persisted between the parties, inhibiting their ability to fulfill court expectations and meet court-ordered deadlines.  As one example, the General Order No. 25 issued by the court at the outset of the case scheduled a conference to be held pursuant to Rule 16 of the Federal Rules of Civil Procedure on January 13, 2011, and required the joint submission of a civil case management plan by the parties on or before December 30, 2010.  *See* Dkt. No. 2. Despite that directive, it was only after the issuance of a text notice to counsel on January 6, 2011, and a second text notice dated January 10,

---

[3]      Defendants Raymond Philo and Paul Colburn were never served in the action, despite extension of the deadline for doing so, and were dismissed from the suit, on stipulation of the parties, on August 24, 2011.  *See* Text Order Dated 8/24/11.

4

2011, that a civil case management plan was ultimately filed on January 10, 2011.  *See* Dkt. No. 14.

During the Rule 16 conference, which was ultimately held on February 11, 2011, I ordered the parties to exchange mandatory disclosures, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, by February 28, 2011, and to serve any initial written discovery demands on or before April 15, 2011.  *See* Text Minute Entry Dated 2/11/11.  Initial disclosures were thereafter served by the defendants, who are represented by three separate attorneys, and written discovery demands were served by defendants Town of New Hartford and Michael Inserra, on March 30, 2011; on behalf of defendant Karen Case, on March 2, 2011; and on behalf of defendant Peter Colburn, on April 11, 2011. Ryan Decl. (Dkt. No. 32-2) ¶¶ 14-15.

On April 29, 2011, at defendants' request, a telephone conference was held by the court to address plaintiff's failure to serve mandatory initial disclosures and initial discovery demands as directed by the court. *Id.* at ¶ 16 *; see also* Minute Entry Dated 4/29/11.  During that conference I extended the deadline for plaintiff's service of initial mandatory disclosures until May 16, 2011, and granted defendants permission to file

5

a motion for sanctions in the event that the directive was not complied

with.  *Id.*  During that conference plaintiff's counsel represented that he

was "working on" responses to defendants' discovery demands.  Ryan

Decl. (Dkt. No. 32-2) ¶ 17.  No court order addressing that aspect of the

plaintiff's discovery shortcomings was issued at the time.

Plaintiff ultimately served initial mandatory disclosures which, though

dated May 16, 2011 – the court imposed deadline – were not received by

defendants' counsel until May 24, 2011, in an envelope post-marked May

23, 2011.  In those initial disclosures, significantly, as potential witnesses

plaintiff identified the same twenty witnesses listed in defendants' initial

disclosures as well as one additional witness, Michael Mimassi.  Ryan

Decl. (Dkt. No. 32-2) ¶ 18. No documents were listed or produced by

plaintiff as potentially supporting his claims.  *Id.*

Another telephone conference was conducted in connection with the

action by the court on June 17, 2011, again at defendants' request, based

upon the alleged inadequacy of plaintiff's initial mandatory disclosures as

well as his failure to respond to defendants' outstanding discovery

demands.  *See* Text Minute Entry Dated 6/17/11; *see also* Ryan Decl.

(Dkt. No. 32-2) ¶ 21.  A text order was issued as a result of that

conference directing plaintiff to respond to defendants' discovery demands by July 1, 2011.  Ryan Decl. (Dkt. No. 32-2) ¶ 21; Text Order Dated 6/17/11.  Despite that court order, plaintiff failed to serve discovery responses by July 1, 2011.  Ryan Decl. (Dkt. No. 32-2) ¶ 22.

As a result of plaintiff's failure to comply with the court's directive, the defendants moved seeking dismissal of plaintiff's complaint or, alternatively, to compel discovery responses.  *See* Dkt. Nos. 18, 19, 21. Plaintiff ultimately responded in opposition to those motions although his opposition papers, which were due on August 9, 2011, were not filed until eleven days later, on August 20, 2011.  Dkt. Nos. 18, 23.  During a hearing conducted on August 24, 2011 to address the motions I expressed disappointment and frustration with plaintiff's failure to abide by court orders, detailing the chronology of events demonstrating a pattern of non-compliance, but reluctantly declined defendants' request to recommend dismissal of the action at that juncture, finding that lesser sanctions should first be implemented and noting that plaintiff had not yet been warned of the possibility that his complaint could be dismissed for failure to comply with court orders.  *See* Text Minute Entry Dated 8/24/11; *see also* Ryan Decl. (Dkt. No. 32-2) ¶ 28.  At that hearing, however, I did

7

admonish the plaintiff that in the event of a future violation of a court

directive, dismissal would be recommended.  *See* Text Minute Entry of

8/24/11.  That admonition was reiterated in a subsequent order issued on

August 25, 2011, in which, *inter alia*, I directed plaintiff to provide

responses to defendants' outstanding discovery demands on or before

September 2, 2011, deeming all objections except as to privilege to have

been waived, and awarded costs, including a reasonable attorney's fee,

incurred in connection with the pending motions.[4]  *See* Dkt. No. 26; *see*

*also* Ryan Decl. (Dkt. No. 32-2) ¶ 29.  That order specifically warned as

follows:

> 4)    Plaintiff and his counsel are again
> admonished that in the event of any further failure
> to comply with a court order issued in this case,
> however modest, the court will recommend that the
> action be dismissed.

Dkt. No. 26.

On August 24, 2011, following the discovery hearing, plaintiff's

attorney hand-served upon defendants' counsel responses to the various

---

[4]    Following the submission of fee applications, with supporting documentation, *see* Dkt. Nos. 27-29, the fee award was quantified at $3,000, payable in equal amounts of $1,000 to the Town of New Hartford and Michael Inserra, collectively; Peter Colburn; and Karen Case.  To date, defendants have not received payment of those sums from the plaintiff.  *See* Ryan Decl. (Dkt. No. 32-2) ¶ 56.

outstanding discovery demands as well as amended initial mandatory

disclosures.  Ryan Decl. (Dkt. No. 32-2) ¶¶ 30, 31.  The documents

produced, however, were largely if not exclusively documents produced

earlier to the plaintiff by defendants' counsel, and the list of witnesses

again contained the same nineteen witnesses identified in the initial

disclosures of the defendants Town of New Hartford and Michael Inserra,

plus Michael Mimassi, who was represented to be "an acquaintance" of

the plaintiff who may have knowledge about the relationship between

defendants Karen Case and Peter Colburn.  Ryan Decl. (Dkt. No. 32-2) ¶

31.  While the responses provided by plaintiff on August 24, 2011 were

accompanied by documents requested by the defendants Town of New

Hartford and Inserra, they failed to include answers to interrogatories

served upon the plaintiff by those defendants.  Ryan Decl. (Dkt. No. 32-3)

¶ 32.  Moreover, those responses were provided on September 7, 2011 –

after the September 2, 2011 court-ordered deadline – and in unverified

form.  *Id.*  Unverified answers to interrogatories served by defendant

Karen Case were also provided on or about September 12, 2011.  *Id.*

On September 20, 2011, the court conducted a further telephone

conference concerning the action.  During that session the parties were

directed to attempt to resolve their differences, and a text order was issued directing plaintiff to provide defendants with sworn interrogatory responses on or before September 30, 2011.  *See* Text Order Dated 9/20/11.  Counsel for defendant Town of New Hartford and Michael Inserra received copies, by mail, of verified responses to those defendants' interrogatories, as well as Peter Colburn's request for documents, on October 7, 2011.  Ryan Decl. (Dkt. No. 32-2) ¶¶ 36-37. The attorney for the defendants Town of New Hartford and Michael Inserra, however, has no record of ever having received plaintiff's responses to co-defendant Karen Case's interrogatories.  *Id.* at ¶ 38.

As disappointingly shocking as the foregoing events may be, subsequent depositions of the plaintiff and of Michael Mimassi, the witness plaintiff identified as potentially having knowledge relevant to the case, not only underscore the lackluster nature of plaintiff's effort to comply with legitimate court orders and provide requested discovery, but indeed suggest the possibility of intentional deceit on the part of the plaintiff and/or his counsel.  Plaintiff's deposition was taken on January 16, 2012.  Ryan Decl. (Dkt. No. 32-2) 41.  During his deposition plaintiff testified that his attorney failed to provide him with the discovery demands

10

made by the defendants or to direct him to conduct a proper search and

produce information and materials within his possession, custody or

control in accordance with those requests.  *See* Generally Ryan Decl.

(Dkt. No. 32-2) ¶¶ 42-52 and Exh. N.  Several of plaintiff's responses to

questioning reflect that despite signing sworn verifications he never read

the responses to which they related, was wholly unaware of their contents,

and had no idea whether the statements contained within them were true.

*Id.* at ¶ 44.  At one point during plaintiff's sworn testimony he testified

directly contrary to answers to interrogatories concerning lost earnings.

*Id.* at ¶¶ 45-46.  Plaintiff also admitted that he possessed documents that

would have been responsive to defendants' production requests but never

provided those documents to his counsel.  *Id.* at ¶¶ 47-51.

        As was previously discussed, in disclosures eventually provided by

the plaintiff Michael Mimassi was identified as a person with knowledge of

the alleged relationship between defendant Karen Case, plaintiff's ex-wife,

and defendant Peter Colburn.  When attorneys for the parties were

together for depositions taken in the case on January 16 and 17, 2012,

plaintiff's counsel was asked what Mimassi knew regarding the issues in

the litigation.  Ryan Decl. (Dkt. No. 32-2) ¶¶ 60-63.  That query was made

in view of deposition testimony given by the plaintiff and his current wife, Marianne Case, both of whom testified that they had never heard of Michael Mimassi.  *Id.* at ¶ 61.  In response, plaintiff's counsel stated, in essence, that the defendants would have to wait until Mimassi was deposed in order to find out what information he had concerning the case.  *Id.* at ¶ 63.  That response was reiterated when plaintiff's counsel was again asked about Mimassi during depositions taken in January 18, 2012.  *Id.* at ¶ 64.

Mimassi was ultimately deposed on January 23, 2012, pursuant to a deposition subpoena issued by the defendants.  Ryan Decl. (Dkt. No. 32-2) ¶¶ 60, 65.  During that deposition Mimassi stated that he knew nothing of the litigation, and did not know either Colburn or Karen Case, expressing confusion over why he had been subpoenaed as a witness in the action.[5]  *Id.* at ¶ 65.

On February 23, 2012, the defendants jointly moved, with court permission, for an order dismissing plaintiff's complaint both based upon his persistent discovery failures, pursuant to Rule 37(b)(2)(A) of the

---

[5]     During the deposition Mimassi stated that plaintiff's counsel had represented him in the past in connection with a traffic matter.  Ryan Decl. (Dkt. No. 32-2) ¶ 66.

Federal Rules of Civil Procedure, and for failure to prosecute under
Federal Rules of Civil Procedure 41(b).  Dkt. No. 32.  Despite the
pendency of that motion for nearly three months, plaintiff has failed to
respond in opposition.  Defendants' motion, which is now ripe for
determination, is before me for the issuance of a report and
recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern
District of New York Local Rule 72.3(c).  *See* Fed. R. Civ. P. 72(b).

III.    DISCUSSION

        A.     Rule 37(b)

        The record now before the court convincingly establishes chronic
failure on the part of the plaintiff to comply with discovery and to obey
court orders directing responses.  The rule governing a party's failure to
obey a court discovery order provides for an array of available sanctions
to be awarded, in the court's discretion, ranging in severity up to and
including dismissal of an action in the case of a recalcitrant plaintiff.  Fed.
R. Civ. P. 37(b)(2)(A); *see Gissinger v. Yung*, Nos. 04-CV-534 (CBA)(JO),
04-CV-5406 (CBA)(JO), 2006 WL 1329697, at *4-5 (E.D.N.Y. May 16,
2006).[6]  The decision as to which of those available sanctions should be

_____

        [6]     Rule 37(b), under which the pending motion is brought, provides in
relevant part, that

awarded in the event of a party's failure to comply with a legitimate

discovery order is a matter entrusted to the sound discretion of the court.

*Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991).

The court's broad authority to impose sanctions pursuant to Rule 37(b)(2)

is limited only by the requirement, expressly stated in the rule, that the

_____

> [i]f a party . . . fails to obey an order to provide or to permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.  They may include the following:
>
> > (i)  directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> >
> > (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> >
> > (iii) striking pleadings in whole or in part;
> >
> > (iv) staying further proceedings until the order is obeyed;
> >
> > (v) dismissing the action or proceeding in whole or in part;
> >
> > (vi) rendering a default judgment against the disobedient party; or
> >
> > (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

sanction selected be "just" and that it relate to the particular claim to which the discovery order was addressed. *Insurance Corp. of Ireland v. Compagnie des Bauxites*, 456 U.S. 694, 707, 102 S.Ct. 2099, 2106 (1982). The determination of whether a sanction is just must be evaluated in light of the record as a whole. *Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979).

In deciding whether to invoke the harshest of sanctions available under Rule 37(b), the dismissal of a plaintiff's complaint, some courts have looked for guidance to cases decided under Rule 41(b). *See, e.g.*, *Banjo v. United States*, No. 95 Civ. 633, 1996 WL 426364, at *5 (S.D.N.Y. July 29, 1996) ("[I]t is appropriate to be guided by those factors which courts consider before dismissing a case under Rule 41(b) prior to dismissing the case under Rule 37."); *Almonte v. Coca-Cola Bottling Co. of New York*, 169 F.R.D. 246, 249 n. 4 (D.Conn.1996) ("[T]he factors for dismissal under Rule 41(b) are helpful in considering a dismissal under Rule 37."). The propriety of a Rule 41(b) dismissal for failure to comply with an order of the court and/or for failure to prosecute is informed by five relevant factors, including

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that

15

>failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*See Shannon v. Gen. Elect. Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (failure to prosecute action) (citation and internal quotation marks omitted).

Consideration of these relevant factors in this case warrants the sanction now sought by the defendants.  Plaintiff's failure to comply with court orders has been unwavering, and has permeated the case.  Turning to the question of notice, plaintiff was pointedly placed on notice by the court in its August 25, 2011 order that any further failure to comply with a court directive would result in a recommendation that the complaint be dismissed.  *See* Dkt. No. 26.  Despite that warning plaintiff missed the September 2, 2011 deadline for providing interrogatory responses, and when ultimately provided, they were not under oath as required by rule.  In addition plaintiff has failed completely to respond to interrogatories served by defendant Karen Case.  When ordered to provide verified interrogatory responses by September 30, 2011 plaintiff failed to do so, instead providing those verified responses a week later on October 7, 2011,

16

containing different information than in the original unsworn versions.

Turning to the next inquiry, I find that defendants have been and continue to be prejudiced by delays in this action occasioned by plaintiff's discovery failures.  Because of those failures the original deadline for completion of discovery set by the court on February 11, 2011 in its Uniform Pretrial Scheduling Order of November 30, 2011 was extended until February 29, 2012.  It is clear that despite the passage of this extended deadline defendants have yet to receive complete responses to their discovery requests.

The fourth factor, requiring consideration of the court's interest in managing its docket and plaintiff's interest in receiving a fair opportunity to be heard, also weigh heavily in favor of dismissal.  Despite commencing this action plaintiff has demonstrated marked disinterest in aggressively pursuing his claims, repeatedly rebuffing efforts by the defendants to obtain discovery and move the litigation forward.

The fifth and final factor, requiring the court to gauge whether a less drastic dismissal would suffice, once again weighs decidedly in favor of the defendants.  The court has on several occasions attempted to rectify plaintiff's discovery shortcomings, to no avail despite pointed warnings

17

that his complaint could be dismissed.

In sum, given the circumstances of this case, I find that no sanction short of dismissal is warranted. *See Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir.1994) (per curiam) ("The severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal."); *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990) (per curiam) (" 'all litigants, including *pro ses*, have an obligation to comply with court orders' ") (quoting *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988)). Plaintiff's refusal to provide discovery has caused delay, required court intervention, increased defendants' litigation costs, and prejudiced defendants in their ability to defend against his claims. Having blatantly ignored not only the warnings but orders of this court, plaintiff has left the court with no alternative but to recommend dismissal of his complaint.

B.    Rule 41(b) Dismissal For Failure To Prosecute

Plaintiff's inaction in this case also implicates Rule 41(b) of the Federal Rules of Civil Procedure, which provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to

18

prosecute the action or comply with any order of the court.[7]  *Link v.*

*Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

This power to dismiss may be exercised when necessary to achieve

orderly and expeditious disposition of cases.  *See Freeman v. Lundrigan*,

No. 95-CV-1190, 1996 WL 481534, at *1 (N.D.N.Y., Aug. 22, 1996)

(Pooler, J.) (citing *Rodriguez v. Walsh*, No. 92-Civ-3398, 1994 WL 9688,

at *1 (S.D.N.Y., Jan. 14, 1994) (other citations omitted)).

As was previously noted, the propriety of a Rule 41(b) dismissal for

failure to comply with an order of the court and/or for failure to prosecute

is gauged by the same five relevant factors previously discussed.[8]  *See*

*Shannon v. Gen. Elect. Co.*, 186 F.3d at 193; *Lucas v. Miles*, 84 F.3d 532,

535 (2d Cir. 1996) (failure to comply with order of court) (citations

omitted).  In deciding defendant's Rule 37 motion, I have already carefully

---

[7]     Under that rule,

If the plaintiff fails to prosecute or to comply with these rules or a court
order, a defendant may move to dismiss the action or any claim against
it. Unless the dismissal order states otherwise, a dismissal under this
subdivision (b) and any dismissal not under this rule--except one for lack
of jurisdiction, improper venue, or failure to join a party under Rule
19--operates as an adjudication on the merits.

Fed. R. Civ. Pr. 41(b).

[8]     *See* pp. 15-18, *ante*.

evaluated those factors and have concluded that they weigh decidedly in favor of dismissal.  Accordingly, for the same reasons set forth above, dismissal pursuant to Rule 41(a) is also warranted.

> C.    Attorney's Fees

In their motion defendants have not requested costs and attorney's fees.  They have, however, asked that the court retain jurisdiction to entertain applications by them for attorney's fees pursuant to 42 U.S.C. § 1988.[9]

I have recommended that plaintiff's complaint be dismissed pursuant to Rule 37(b) of the Federal Rules of Civil Procedure based upon plaintiff's failure to comply with court orders related to discovery.  That section contains its own fee-shifting provision, requiring as follows:

> (C)    *Payment of Expenses*.  Instead of or in addition to the orders above [including dismissal], the court must order the disobedient party, the attorney advising that party, or both to pay the

---

[9]    That section provides, in relevant part that

> [i]n any action or proceeding to enforce a provision of sections . . . 1983. . . of this title, . . .  the court, in its discretion, may allow the prevailing party, other than the United States a reasonable attorney's fee as part of the costs. . .

42 U.S.C. § 1988(b).

20

> reasonable expenses, including attorney's fees,
> caused by the failure, unless the failure was
> substantially justified or other circumstances make
> an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C).  Given the lack of palpable circumstances

making an award of expenses unjust it would appear in this instance Rule

37(b)(2)(c) mandates an award of costs and attorney's fees related to the

discovery failures.  Moreover, given the circumstances outlined above, it

would seem that the award is appropriately made against both the plaintiff

and his counsel, jointly and severally.[10]

Given that the defendants have asked that attorney's fees be

addressed in a subsequent proceeding, I recommend that the court signal

its intention to consider awarding costs and attorney's fees under Rules

---

[10]      The circumstances of this case seriously call into question whether the conduct of plaintiff's attorney in this action meets the professional standards expected of attorneys practicing before the bar of this court.  As was previously noted, plaintiff's counsel served upon defendants an initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure identifying, as an "individual likely to have discoverable information" regarding the action, a person who, when deposed, stated that he literally knew nothing about the action or the parties to it.  In addition, by submitting discovery responses that he signed plaintiff's counsel warranted under Rule 11(b) of the Federal Rules of Civil Procedure that to the best of his knowledge, information and belief, "formed after an inquiry reasonable under the circumstances" the statements contained within them contained evidentiary support.  In short, the record now before the court strongly suggests that sanctions against plaintiff's attorney are warranted based upon his conduct in this action.  *See Silberman v. Innovation Luggage, Inc.*, No. 01 Civ. 7109(GEL), 2003 WL 1787123, at *15 (S.D.N.Y. Apr. 3, 2003); *see also Leonard v. Univ. of Delaware*, No. 96–360  1997 WL 158280, at * 6-7 (D.Del. Mar. 20, 1997).

11 and Rule 37(b)(2)(C), and permit defendants to make application to the court for a specific award, and thereafter afford both plaintiff and his counsel an opportunity to respond and show cause why such an award would not be justified or circumstances would make an award of expenses unjust.

IV.    SUMMARY AND RECOMMENDATION

From the events recited above it is clear that plaintiff has lost interest in vigorously pursuing his claims in this action, and has failed to meet obligations imposed upon him both by rule and under court order. Given that he has been warned of the likelihood of dismissal in the event of continued failures and, despite that warning, those shortcomings have persisted, I recommend that the plaintiff's complaint in this action be dismissed, with prejudice, with leave to the defendants to apply to the court for an award of costs and attorney's fees under both Rules 11 and 37(b)(2)(C), related to reasonable expenses caused by plaintiff's discovery failures, and pursuant to 42 U.S.C. § 1988.  It is therefore hereby respectfully

RECOMMENDED that defendants' motion to dismiss plaintiff's complaint (Dkt. No. 32) be GRANTED, and that plaintiff's complaint be

DISMISSED, with prejudice, and with leave to the defendants to apply for an award of costs and attorney's fees under both Rules 11 and Rule 37(b)(2)(C), related to reasonable expenses caused by plaintiff's discovery failures, and pursuant to 42 U.S.C. § 1988.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court within FOURTEEN days.  FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1);  FED. R. CIV. P.  6(a), 6(e), and 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:    May 17, 2012
          Syracuse, NY

David E. Peebles
U.S. Magistrate Judge

23

24